Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 08-1744

WILLIAM PIMENTAL,

Petitioner, Appellant,

v.

LUIS SPENCER, SUPERINTENDENT,
MCI NORFOLK,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

William Pimental on brief pro se.
Scott A. Katz, Assistant Attorney General, and Martha
Coakley, Attorney General, on brief for appellee.

January 9, 2009

**Per Curiam**.  In this petition for habeas relief under 28 U.S.C. § 2254, we affirm the judgment substantially for the reasons recited in the district court's decision, adding only the following comments.

Although petitioner filed a formal notice of appeal outside the normal 30-day appeal period, he filed a COA application and an accompanying affidavit within that period.  We find these documents to be the "functional equivalent" of a notice of appeal, since they gave the "pertinent information" and "plainly evidence[d] an intention to appeal." Campiti v. Matesanz, 333 F.3d 317, 320 (1st Cir. 2003).  As respondent acknowledges, the appeal is thus timely.

Petitioner challenges the sufficiency of the evidence showing that he was in constructive possession of a stash of cocaine, which was found in the basement of the house in which he and his wife lived.  Proof of constructive possession under Massachusetts law requires two elements: (1) knowledge, and (2) the ability and intention to exercise dominion and control. See, e.g., Commonwealth v. Sespedes, 810 N.E.2d 790, 793 (Mass. 2004).  At trial, petitioner sought to rebut this theory by arguing that the house was a two-family dwelling and the basement was a common area. The Appeals Court held that the evidence on this point, although "somewhat inconsistent," was sufficient to warrant submission to

the jury. Commonwealth v. Pimental, 2006 WL 2355482, at *2 (Mass. App. Ct. 2006).

As an aside, we note that petitioner's challenge would likely fall short even on the arguendo assumption that the house was a two-family dwelling. Cf. Commonwealth v. Velasquez, 718 N.E.2d 398, 402 (Mass. App. Ct. 1999) ("That others in the building also had access to the basement and might have hidden drugs in the basement does not require a finding of not guilty in favor of Velasquez."); Commonwealth v. Montanez, 571 N.E.2d 1372, 1383 (Mass. 1991) (similar). But no such assumption need be made here, for when the record "supports conflicting inferences," a federal habeas court "must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson v. Virginia, 443 U.S. 307, 326 (1979). We can thus proceed on the assumption that the house was a one-family dwelling.

A challenge to the sufficiency of the evidence is governed by the constitutional standard set forth in Jackson: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis deleted). As the district court properly observed, "the inquiry is not whether the Appeals Court was correct in finding the evidence of constructive possession sufficient to

-3-

support a conviction beyond a reasonable doubt, but rather whether its judgment amounted to a decision that unreasonably applied Jackson." Pimental v. Spencer, 2008 WL 2066967, at *3 (D. Mass. 2008) (applying 28 U.S.C. § 2254(d)); accord, e.g., Hurtado v. Tucker, 245 F.3d 7, 14-20 (1st Cir. 2001). For the reasons enumerated by the district court, the Appeals Court cannot be said to have unreasonably applied the Jackson standard. See Pimental, 2008 WL 2066967, at *3-*4 (describing circumstantial evidence of guilt and noting lack of any indication "that the Appeals Court ignored material evidence or failed to give appropriate weight to all of the evidence").

Petitioner properly acknowledges in his brief that he faces a "heavy burden" in seeking habeas relief based on a challenge to the sufficiency of the evidence. In Hurtado, we stated that, "as a general rule,"

> federal courts should be particularly cautious about issuing habeas, on grounds of the objective unreasonableness of a state court's conclusion that the evidence is sufficient, where there has been a verdict of guilt by a jury of a defendant's peers, where the defendant's credibility was evaluated by the jury hearing his testimony, where that verdict has been affirmed on appeal in the state system, and where there is no claim of constitutional error in the conduct of the trial.

245 F.3d at 19-20. Although one distinguishing factor is that petitioner here did not testify, we nonetheless find this cautionary note equally applicable in the present case.

-4-

<u>Affirmed.</u>